# THE SAMUEL LAW FIRM

ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@thesamuellawfirm.com

August 29, 2022

ADMITTED IN
NY

**Via ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

  *Re: Lucas Vasquez Leonardo v. Shades of Green LLC d/b/a Shades of Green and John Patrick Cormican*
  **Case No. 1-22-cv-02085 (JPC)**

Dear Judge Cronan:

  We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Defendants for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement"). The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties respectfully submit that the Court should approve the Settlement Agreement and dismiss the claim under the Fair Labor Standards Act ("FLSA") in this case with prejudice because the settlement is a fair resolution of such claim, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is provided herewith.

<u>Background</u>

  Plaintiff was employed by Defendants Shades of Green LLC (d/b/a Shades of Green) and its owner Patrick Cormican (collectively, "Defendants") as a waiter and bartender from approximately September 2007 until March 2020. Plaintiff commenced this action on March 14, 2022, against Defendants alleging, *inter alia*, unpaid overtime wages under the FLSA and the New York Labor Law ("NYLL") and claims under the NYLL for failure to provide wage notices and wage statements.

  In the complaint, Plaintiff alleged that Defendants failed to compensate him for hours worked over 40 during each workweek. Further, Plaintiff alleged that his pay did not meet the satisfactory minimum wage rate set by the state of New York. Additionally, Plaintiff asserted that Defendants failed to provide him with the notices or weekly wage statements required by the

1

NYLL. Defendants deny all the allegations made in the Complaint. The settlement agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

### Settlement Agreement

The parties engaged in negotiations and document exchange, which included the exchange of copies of Plaintiff's pay stubs and payroll records maintained by Defendants.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's FLSA claims against Defendants for a total of **Thirty-Thousand Dollars ($33,750.00)**, which is inclusive of legal fees and costs. The parties also agreed to separately settle Plaintiff's non-FLSA claims by separate agreement, which is contingent upon the court's approval of this Settlement Agreement, and to file a stipulation of discontinuance shortly after the court approves the Settlement Agreement. Because a majority of Plaintiff's alleged damages are barred by the FLSA's three-year statute of limitations but not barred by the NYLL's six year statute of limitations, a bifurcated settlement is particularly appropriate.[1] While the final settlement amount of Plaintiff's FLSA claims is less than Plaintiff's maximum possible recovery on this claim, we believe this to be a fair resolution of this matter.

By settling now, Plaintiff ensures that he will get much of what he could potentially recover, including the money he is entitled to under the Fair Labor Standards Act, and he does so without having to wait through months of likely fruitless discovery, then having to face the uncertainty of trial and the possibility that in the end, even in the unlikely event that his testimony is credited over Defendants' records, Defendants might be unable to satisfy the judgment.

### FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable

---

[1] *See, e.g., Yunda v. SAFI-G, Inc.*, No. 15 CIV. 8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving FLSA portion of bifurcated agreement and holding that the "NYLL settlement agreement does not require judicial approval). Abrar v. 7-Eleven, Inc., No. 14CV6315ADSAKT, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016) (approving bifurcated settlement structure with FLSA settlement being publicly filed and reviewed by the court and NYLL settlement remaining confidential without court review).

compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

This settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Because the parties engaged in significant document exchange they had sufficient information to assess those risks as to the merits of the claim, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiff, we will retain 1/3 of the FLSA settlement (i.e., a total of **$11,250.00**) as attorneys' fees. We will waive our right to reimbursement for filing and service costs.

In total, Plaintiff's counsel expended 16.8 hours in representation of Plaintiff, including hours related to the negotiation and preparation of the settlement agreement and this letter. I am a founding partner of the Samuel Law Firm. I have been admitted to practice law in New York since 1993, and focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $450. I believe this hourly rate to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

Attached is a record of all time spent by Plaintiff's counsel on this matter.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

### Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a broad, general release of Plaintiff's claims, and the confidentiality provision provides an express carve-out to enable Plaintiffs to make truthful statements regarding the litigation.

### Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents

of this letter, or if the Court requires any additional information or documentation.

                                                      Respectfully submitted,

                                                     */s/ Michael Samuel*
                                                     Michael Samuel, Esq.

Encl.

Cc:  C. Zachary Rosenberg, Esq.  (VIA ECF)
      Rottenberg Lipman Rich, P.C.
      230 Park Avenue, 18th floor
      New York, NY  10169
      zrosenberg@rlrpclaw.com