# THE SAMUEL LAW FIRM

### ATTORNEYS AT LAW

1441 BROADWAY – SUITE 6085, NEW YORK, NY 10018

PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **MICHAEL SAMUEL**<br>michael@thesamuellawfirm.com | September 2, 2022 | ADMITTED IN<br>NY |

**Via ECF**

The Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

*Re: Lucas Vasquez Leonardo v. Shades of Green LLC d/b/a Shades of Green and John
Patrick Cormican*
**Case No. 1-22-cv-02085 (JPC)**

Dear Judge Cronan:

We represent Plaintiff in the above-captioned matter and write pursuant to the Court's order dated August 30, 2022 (ECF 23) regarding the parties' executed settlement agreements fully resolving Plaintiff's federal and state claims, respectively, true and correct copies of which agreements are filed herewith.

The parties' form of Fair Labor Standards Act ("FLSA") settlement agreement and stipulation of dismissal was previously filed (ECF 22).  We note that the larger amount of $101,250 allocated to the New York State Labor Law settlement reflects (i) the longer applicable state statute of limitations period; (ii) higher applicable state overtime wage rate; (iii) higher associated liquidated damages related to the state claims; and (iv) higher amount of prejudgment interest associated with the state claims, as compared to Plaintiff's alleged damages under the FLSA. The state settlement also reflects the $10,000 Wage Theft Protection Act claim not present under the FLSA.

We hope that this letter provides the Court with the information that it needs to assess the fairness of the settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

/s/ *Michael Samuel*
Michael Samuel, Esq.

1

Attorney for Plaintiff

Encl.

Cc: C. Zachary Rosenberg, Esq.  (VIA ECF)
    Rottenberg Lipman Rich, P.C.
    230 Park Avenue, 18th floor
    New York, NY  10169
    zrosenberg@rlrpclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------- X
 LUCAS VASQUEZ LEONARDO,                                          :
                                                                  :       1:22-cv-02085-JPC
                                                                  :
                              Plaintiff,                          :       SETTLEMENT AGREEMENT AND
                                                                  :       RELEASE
                      -against-                                   :
                                                                  :
 SHADES OF GREEN LLC d/b/a SHADES OF                              :
 GREEN, and JOHN PATRICK CORMICAN,                                :
                                                                  :
                              Defendants.                         :
---------------------------------------------------------------- X
```

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among plaintiff Lucas Vasquez Leonardo ("Plaintiff"), on the one hand, and defendants Shades of Green LLC d/b/a Shades of Green ("Defendant Corporation"), and John Patrick Cormican ("Individual Defendant") (together, "Defendants"), on the other hand. Plaintiff and Defendants are sometimes each referred to herein as a "Party" and collectively as the "Parties."

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:22-cv-02085-JPC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation; and

WHEREAS, the parties are concurrently entering into a separate Settlement Agreement and Release (the "Related Agreement") resolving all disputes between them that are not resolved herein;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Thirty Three Thousand Seven Hundred Fifty Dollars ($33,750.00) (the "Settlement Sum"), which shall be inclusive of all costs and attorney's fees. The

Settlement Sum shall be paid in two installments (each, and "Installment"), with the first Installment of Sixteen Thousand Eight Hundred Seventy Five Dollars ($16,875.00) due and payable within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, and the second Installment of Sixteen Thousand Eight Hundred Seventy Five Dollars ($16,875.00) due and payable within one hundred twenty (120) days of approval of this Agreement by the Court. Each Installment shall be delivered to The Samuel Law Firm, 1441 Broadway, Suite 6085, New York, New York 10018 and shall consist of three (3) checks as payable follows: (1) a check will be made payable to Plaintiff for five thousand six hundred twenty five ($5,625.00), less applicable withholdings, and an IRS Form W-2 will be issued to Plaintiff in connection with each such payment; (2) a check will be made payable to Plaintiff for five thousand six hundred twenty five ($5,625.00), and an IRS Form 1099-MISC for liquidated damages will be issued to Plaintiff in connection with each such payment; (3) a check will be made payable to The Samuel Law Firm for five thousand six hundred twenty five ($5,625.00) and an IRS Form 1099-MISC will be issued to The Samuel Law Firm in connection with this payment. If the Court rejects this Agreement, it shall be null and void.

2.    <u>Release and Covenant Not To Sue</u>:  As a material inducement to the Defendants to enter into this Agreement, to the fullest extent permitted by law, Plaintiff, and his heirs and assigns in their respective capacity as such, ("Releasors") hereby agree to accept from the Defendants the Settlement Sum, in full resolution and satisfaction of the claim asserted by Plaintiff under the Fair Labor Standards Act in Count II of the Complaint in this Litigation and hereby irrevocably and unconditionally waive, release, and forever discharge the Defendants, their heirs, assigns, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, (the "Releasees") from, any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed which Releasors now or in the future may have or claims to have against the Releasees based upon or arising out of any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things limited to those asserted in the Complaint or which could have been asserted under the Fair Labor Standards Act of 1938 (the "FLSA") existing or occurring or claimed to exist or to have occurred at any time on or before the date of Plaintiffs' execution of this Agreement, whether asserted as an individual claim or action, or a class or collective claim or action on behalf of a class or collective action which includes any Releasor as either an actual or putative class or collective action member for wage and hour violations under the FLSA (hereinafter collectively referred to as "Claims"). To the fullest extent permitted by law, the Claims being released include, but are not limited to, any and all Claims relating to employment compensation, wages (including overtime and spread of hour wages), bonuses, commissions and benefits with Releasors; any claims under federal labor law, statute, or regulation, including, without limitation:

(a)    any claims or actions under the Fair Labor Standards Act of 1938; and

(b)    all claims for costs, attorneys' fees, and interest on behalf of Releasors and all of the attorneys who have represented them in pursuing these claims.

Releasors hereby covenant and agree not to file, commence or initiate any court suits, demands or causes of action against the Releasees based upon or relating to any of the specific claims released and forever discharged pursuant to this Agreement.  Plaintiff represents that other than Plaintiff's Complaint in the Lawsuit, there are no pending lawsuits, charges or other claims of any nature whatsoever filed by him against Releasees in any state or federal court or agency or other administrative body.

In the event any class or collective action is brought against one or more Releasees, which includes or may include Plaintiff, upon learning of his inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

Releasees similarly agree to release Releasees from any such claims.

3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    <u>Representations and Warranties</u>.  Except for the Litigation, Plaintiff represents and warrants that he has not filed or caused to be filed any lawsuits or arbitrations against Defendants, or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

5.    <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6.    <u>Acknowledgments</u>:    Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7.    <u>Notices</u>:       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Samuel, Esq.
The Samuel Law Firm
1441 Broadway
Suite 6085
New York, New York 10018
Email: michael@thesamuellawfirm.com

To Defendants:

Mr. John Patrick "JP" Cormican
Shades of Green, LLC

125 East 15th Street
New York, New York 10003
jpcormican@yahoo.com

With copies to:

Mark M. Rottenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: (212)-661-3080
Fax: (212)-867-1914
Email: mrottenberg@rlrpclaw.com

and

C. Zachary Rosenberg
**Rottenberg Lipman Rich, P.C.**
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: 212-661-3080
Fax: 212-867-1914
Email:  zrosenberg@rlrpclaw.com

8.      Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

9.      Enforceability:  If the release in Section 2 of this Agreement is determined to be invalid or otherwise unenforceable, this Agreement shall be deemed to be invalid and unenforceable in its entirety, and Plaintiff and his attorney shall immediately return any payment made to them pursuant to the terms of this Agreement.  If any other provision of this Agreement is determined to be invalid or otherwise unenforceable, the validity of the remaining clauses and provisions shall not be affected.

10.     Release Notification:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Samuel, Esq. of The Samuel Law Firm.  Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.   Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11.     **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures delivered by facsimile and/or email shall be effective for all purposes.

12.     **Entire Agreement**.   This Agreement contains the complete and entire understanding of the parties regarding the subject matter thereof. In executing this Agreement, neither party relies on any term, condition, promise or representation other than those expressed in this Agreement. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions with respect to the subject matter thereof.

13.     **Effect of Revocation of Related Agreement**.   In the event that the Related Agreement is revoked within seven (7) days of its execution pursuant to the terms thereof, this Agreement shall be null and void.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY LUCAS VASQUEZ LEONARDO:**

_____          _August 13/8/22____
                                                                      Date

**AGREED TO AND ACCEPTED BY SHADES OF GREEN LLC d/b/a SHADES OF GREEN:**

BY:_____          _____
                                                                      Date

TITLE:_____

**AGREED TO AND ACCEPTED BY JOHN PATRICK CORMICAN**

BY:_____          _____
                                                                      Date

TITLE:_____

5

11.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures delivered by facsimile and/or email shall be effective for all purposes.

12.    <u>Entire Agreement</u>. This Agreement contains the complete and entire understanding of the parties regarding the subject matter thereof. In executing this Agreement, neither party relies on any term, condition, promise or representation other than those expressed in this Agreement. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions with respect to the subject matter thereof.

13.    <u>Effect of Revocation of Related Agreement</u>. In the event that the Related Agreement is revoked within seven (7) days of its execution pursuant to the terms thereof, this Agreement shall be null and void.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY LUCAS VASQUEZ LEONARDO:**

_____      _____

                                                                  Date

**AGREED TO AND ACCEPTED BY SHADES OF GREEN LLC d/b/a SHADES OF GREEN:**

BY: _____           7/27/22
                                                      Date

TITLE: Owner

**AGREED TO AND ACCEPTED BY JOHN PATRICK CORMICAN**

BY: _____           7/27/22
                                                      Date

TITLE: _____

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into this __ day of July 2022 ("Effective Date"), by and between Lucas Vasquez Leonardo ("Plaintiff"), on the one hand, and Shades of Green LLC d/b/a Shades of Green ("Defendant Corporation"), and John Patrick Cormican ("Individual Defendant") (together, "Defendants"), on the other hand. Plaintiff and Defendants are sometimes each referred to herein as a "Party" and collectively as the "Parties."

**WHEREAS**, the Parties intend by this Agreement to settle all legal rights and obligations arising out of or resulting from the Parties' employment relationship; and

**WHEREAS**, Plaintiff has filed a case against Defendants in the United States District Court, Southern District of New York, entitled <u>Leonard v. Shades of Green, LLC d/b/a Shades of Green, et. al</u>, Docket No.: 1:22-cv-02085 (JPC) (the "Action"); and

**WHEREAS**, Defendants deny all allegations of liability made by Plaintiff in the Action, but enter into this Agreement to resolve expeditiously and cost effectively these and other disputes without having to incur the expenses and inconvenience of litigation; and

**WHEREAS**, the Parties entered into the Negotiated Settlement Agreement and Release attached hereto as Exhibit A (the "FLSA Agreement") to resolve a subset of Plaintiff's claims in the Action and certain related potential claims; and

**WHEREAS**, the Parties have decided to settle, fully and finally, any and all differences, known or unknown, between them, including, but not limited to, any claims arising from the termination of the Parties' employment relationship.

**NOW, THEREFORE**, for and in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.     <u>Settlement Payment</u>.

(a) Defendants will pay Plaintiff one hundred one thousand two hundred fifty dollars ($101,250.00) (the "Settlement Sum"). The Settlement Sum shall be paid in six (6) equal quarterly installments of sixteen thousand eight hundred seventy five dollars ($16,875.00) each (each, an "Installment"). Each Installment shall be delivered to The Samuel Law Firm, 1441 Broadway, Suite 6085, New York, New York 10018 and shall consist of three (3) checks as payable follows: (1) a check will be made payable to Plaintiff for five thousand six hundred twenty five ($5,625.00), less applicable withholdings, and an IRS Form W-2 will be issued to Plaintiff in connection with each such payment; (2) a check will be made payable to Plaintiff for five thousand six hundred twenty five ($5,625.00), and an IRS Form 1099-MISC for liquidated damages will be issued to Plaintiff in connection with each such payment; (3) a check will be made payable to The Samuel Law Firm for five thousand six hundred twenty five ($5,625.00) and an IRS Form 1099-MISC will be issued to The Samuel Law Firm in connection with this payment. The first Installment shall be due two hundred ten days (210) days after Court approval of the FLSA Agreement. If the Court rejects the FLSA Agreement, this Agreement shall be null and void.

      (b)  Plaintiff shall be responsible for the payment of any taxes owed which are not obligated to be withheld by Defendants. Plaintiff represents that no tax advice has been given to him by Defendants or their representatives and they understand that Defendants make no representation or guarantee as to the tax consequences of these payments. Plaintiff hereby agrees to indemnify and hold harmless Defendants in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Defendants for any failure by him to properly report the payment.

      (c)  Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiff's counsel executed affidavits for confession of judgment in the form annexed hereto as Exhibit B.  In the event Defendants are in default of any payment in paragraph 1(a) of this Agreement, Releasors shall provide ten (10) business days' written notice to Defendants via e-mail and overnight delivery to Mark M. Rottenberg, Esq. and C. Zachary Rosenberg, Esq., Rottenberg Lipman Rich, P.C., 230 Park Avenue, 18th Floor New York, NY 10169, email: mrottenberg@rlrpclaw.com and zrosenberg@rlrpclaw.com of the default and intent to file the affidavit for confession of judgment with the Clerk of the Court of New York County for judgment to be entered against Defendants. If Defendants do not cure the defect within ten (10) business days of receipt of the notice then Plaintiff may file the affidavits for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Settlement Sum already paid prior to the filing of the confession of judgment, however in the event of any uncured default, Defendants will make an additional payment of Plaintiff equal to 29.9% of the installment with respect to which any default was not timely cured.

      2.    <u>General Release</u>.  In consideration for the Settlement Sum and for other good and valuable consideration the receipt of which is hereby acknowledges, Plaintiff and his respective heirs and assigns, in their respective capacity as such, (the "Releasors") hereby release, acquit, and forever discharge Defendants, their heirs, assigns, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, members, directors and agents thereof, their employee benefit plans and programs and their administrators and fiduciaries, in their respective capacity as such and all Defendants in all capacities (collectively, the "Releasees"), from any and all charges, controversies, claims, wages, rights, agreements, actions, costs or expenses, causes of action, obligations, damages, losses, promises and liabilities of whatever kind or nature (including but not limited to back wages, stock options and attorneys' fees), in law or equity or otherwise, whether known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to any claims directly or indirectly arising out of, based upon or relating in any way to the Plaintiff's wages or employment with the Defendants, the termination of such involvement or relating to or arising from any alleged act or omission by any of the Releasees except for claims validly released in the FLSA Agreement or as prohibited by law.  Releasees similarly release Releasors from any and all from any and all charges, controversies, claims, wages, rights, agreements, actions, costs or expenses, causes of action, obligations, damages, losses, promises and liabilities of whatever kind or nature (including but not limited to back wages, stock options and attorneys' fees), in law or equity or otherwise, whether known or unknown, suspected or unsuspected, from the beginning of time to the present, including but not limited to any claims directly or indirectly arising out of, based upon or relating in any way to the Plaintiff's wages and employment with the Defendants.

      This Agreement releases all claims, including those of which Releasors and Releasees are not aware and those not mentioned in this Agreement, except for claims validly released in the FLSA Agreement or as prohibited by law.  This Agreement applies to claims resulting from any

event or occurrence from the beginning of the world to the date of execution of this Agreement. Releasors and Releasees each acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

Without limiting the generality of the foregoing, Releasors and Relasees specifically release any and all claims relating to Plaintiff's employment, or the termination thereof, including, but not limited to:

(a) Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act (regarding existing but not prospective claims), the Equal Pay Act, the Employee Retirement Income Security Act (regarding unvested benefits), the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, Sections 1981 through 1988 of U.S.C. Title 42, the Worker Adjustment and Retraining Notification  Act, the National Labor Relations Act, the Uniform Services Employment and Reemployment Rights Act, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the New York City Administrative Code, the Occupational Safety and Health Act, the New York Family and Medical Leave Act,, the New York Paid Family Leave Act, the New York Labor Law, New York State Sexual Harassment Law, all including any amendments and their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

(b)     any and all claims, if any, for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, and severance that may be legally waived and released except for claims validly released in the FLSA Agreement;

(c)     any and all claims arising under tort, contract, and quasi-contract law, including but not limited to claims of breach of an express or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, and negligent or intentional infliction of emotional distress; and

(d)     any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties; and

(e)     indemnification rights the Releasors has have against Defendants.

To the fullest extent permitted by law, the Releasors agree not to initiate or cause to be initiated any arbitration or any federal, state or local lawsuit or administrative proceeding against the Releasees, or any of them, based on any transaction, occurrence, matter, event, cause or thing whatsoever occurring prior to or on the date of this Agreement.  Nothing in this Agreement shall be construed to prohibit Releasors from filing a charge with or participating in any investigation or proceeding conducted by the Equal Employment Opportunity Commission ("EEOC") or a

comparable state or local agency. Notwithstanding the foregoing, the Releasors agree to waive any right to recover monetary damages in any charge, complaint, or lawsuit filed by the Releasors, any of them or by anyone else on Plaintiff's behalf against the Releasees based on claims released by, or facts and circumstances occurring prior to execution of, this Agreement. Except as otherwise provided above., the Releasors agree not to participate in any judicial proceeding of any nature or description against Releasees.

In the event Plaintiff or his agent(s) receives a subpoena or other validly issued administrative or judicial process concerning one or more Defendants, Plaintiff shall provide prompt notice to such Defendant of such subpoena or other process and an opportunity to oppose such process. Plaintiff and/or his agent(s), as the case may be, shall thereafter be entitled to comply with such process to the extent required by law.

If any claim is not subject to a release, to the extent permitted by law, Releasors waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee is a party. In the event any class or collective action is brought against one or more Releasees, which includes or may include Plaintiff, upon learning of his inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

Plaintiff represents that as of the Effective Date of this Agreement, other than the Lawsuit, he has no other claims pending with any court, the State or City of New York, or any other agency pertaining to any matters covered by this Agreement.

Plaintiff further acknowledges that the payments and/or benefits provided to him pursuant to this Agreement represent full and complete satisfaction of any and all monetary and non-monetary Claims he has or might have against Defendants aside from those alleged in the Complaint for wage and hour violations which are validly released under the FLSA Agreement.

3. <u>Confidentiality</u>. The parties understand and agree that this Agreement is confidential and agree, except as required by law, not to disclose, reveal, disseminate by publication of any sort, or release in any manner any matters, factual or legal, concerning this Agreement or Plaintiff's separation from the Defendants, or the fact of its execution to any other person or entity without the prior written consent of the other party. In the event Plaintiff receives or becomes aware of a subpoena or a court order requiring such disclosure, Plaintiff will notify Defendants and provide Defendants with a copy of said subpoena or court order promptly, and in no event less than ten business days in advance of any disclosure, via e-mail and overnight delivery to Mark M. Rottenberg, Esq. and C. Zachary Rosenberg, Esq., Rottenberg Lipman Rich, P.C., 230 Park Avenue, 18th Floor New York, NY 10169, email: mrottenberg@rlrpclaw.com and zrosenberg@rlrpclaw.com. The non-disclosure language contained in this paragraph does not apply to disclosures made to Plaintiff's spouse or domestic partner, children, treating medical provider, attorneys or tax advisors, so long as the excepted individuals are not current or former employees of Defendants and they are provided with a copy of this paragraph and agree not to disclose further such information except in accordance with the terms of this paragraph.

4. <u>Representations</u>. Plaintiff makes the following representations:

(a) Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this

Agreement, which includes a release of claims.

(b)     Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

(c)     Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose.  If any Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Mark M. Rottenberg, Esq. and C. Zachary Rosenberg, Esq. of Rottenberg Lipman Rich, P.C., 230 Park Avenue, 18th Floor, New York, NY 10169 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement.  This Agreement shall not be effective or enforceable until the revocation period has expired.

(d)     Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

(e)     The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, The Samuel Law Firm.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish.  Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties except for those alleged in the Complaint for wage and hour violations which are validly released under the FLSA Agreement.  Plaintiff selected his counsel voluntarily.

(f)     Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement.

5.     Dismissal of Action.  Upon the execution of this Agreement, counsel for all Parties shall execute a stipulation of discontinuance of the Action in the form annexed hereto as Exhibit C, which counsel for Defendants shall hold until the later of (a) eight (8) days after the execution by all parties of this Agreement and (b) the Court's approval of the FLSA agreement, at which point counsel for Defendants may file it with the Court with no further notice to Plaintiff.  If, however, Plaintiff revokes this Agreement pursuant to paragraph 4 (c) hereof or if the Court fails to approve the FLSA Agreement, counsel for Defendants shall discard stipulation of discontinuance.

6.     Non-Admission. Plaintiff agrees that this Agreement is not an admission of guilt or liability on the part of Defendants under any federal, state or local law, whether statutory or common law and that nothing in this Agreement shall be admissible evidence against the Defendants in any judicial, administrative, or other legal proceeding (other than an action for

breach of this Agreement). Similarly, this Agreement is not an acknowledgement that Plaintiff's claims lack merit in any way.

7.     <u>Non-Disparagement</u>.  The parties agree that they shall not at any time from and after the Effective Date engage in any form of conduct or make any statements or representations (whether written or oral), that disparage or otherwise impair the reputation, goodwill or commercial interests of the other party.  If contacted by a prospective employer, the Defendants agrees to provide a positive or neutral reference for Plaintiff and will not say anything negative. However, nothing in this clause shall be construed as to limit the Parties' ability to testify truthfully pursuant to a subpoena, Court order or other lawfully compelled testimony.

8.     <u>Entire Agreement, Legality</u>.  Both parties agree that this Agreement supersedes any prior agreements, understandings, obligations or representations between the parties, oral or otherwise, pertaining to the subject matter of this Agreement, and that all such prior agreements, understandings, obligations or representations are null and void.  Notwithstanding the foregoing, this Agreement will not in any way supersede nor terminate Plaintiff's agreements, understandings, obligations or representations pursuant to any prior confidentiality and/or proprietary information agreements in effect at the start of or during the employment relationship and all such agreements will remain in full force and effect.  This Agreement shall also not in any way supersede or terminate the FLSA Agreement.  No representations, obligations, understandings, or agreements, oral or otherwise, exist between the parties except as expressly stated in this Agreement and the FLSA Agreement. This Agreement may be amended or terminated only by a written document signed by Plaintiff and a duly authorized officer on behalf of Defendants.

If any portion or term of this Agreement is found to be invalid by any Court, agency or other competent authority, the remaining lawful terms will remain in full force and effect, provided, however, that if any of the provisions in Paragraph 2 are not fully enforced as a bar to any Claim made by Plaintiff against Defendants, other than those claims validly released under the FLSA Agreement, then the consideration received by Plaintiff under this Agreement will be returned to Defendants.

9.     <u>Choice of Law</u>.  The Agreement will be governed by and construed according to the laws of the State of New York.  The parties hereto waive any defense of lack of jurisdiction or venue regarding a party not being a resident of New York and hereby specifically authorize any action brought by either party to this Agreement to be instituted and prosecuted in any state or federal court for New York, New York.

10.    <u>Disputes and Claims</u>.  With respect to any dispute or claim arising out of this Agreement, the parties agree that the prevailing party will be entitled to recover from the other party all reasonable attorneys' fees and related costs and expenses incurred by the prevailing party, including but not limited to fees and expenses incurred in prosecuting or defending such dispute or claim in any state or federal court, administrative proceeding or alternative dispute resolution forum.

11.    <u>Section Headings</u>.  The section headings used in this Agreement have been inserted for ease of reference only and are not to be used in interpreting this Agreement or in determining any of the rights or obligations of either Defendants or Plaintiff.

12.   <u>No Construction Against Drafter</u>.   No provision of this Agreement or any related document will be construed against or interpreted to the disadvantage of any party hereto by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured or drafted such provision.

13.   <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.  Signatures delivered by facsimile and/or email shall be effective for all purposes.

14.   Notices. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Samuel, Esq.
The Samuel Law Firm
1441 Broadway
Suite 6085
New York, New York 10018
Email: michael@thesamuellawfirm.com

To Defendants:

Mr. John Patrick "JP" Cormican
Shades of Green, LLC
125 East 15th Street
New York, New York 10003
jpcormican@yahoo.com

With copies to:

Mark M. Rottenberg
Rottenberg Lipman Rich, P.C.
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: (212)-661-3080
Fax: (212)-867-1914
Email: mrottenberg@rlrpclaw.com

        and

C. Zachary Rosenberg
Rottenberg Lipman Rich, P.C.
230 Park Avenue, 18th Floor
New York, NY 10169
Tel: 212-661-3080
Fax: 212-867-1914

Email:  zrosenberg@rlrpclaw.com

*[signature page to follow]*

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES EXCEPT FOR THOSE CLAIMS VALIDLY RELEASED UNDER THE FLSA AGREEMENT.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY LUCAS VASQUEZ LEONARDO:**

_____        _____
                                                                                          Date

**AGREED TO AND ACCEPTED BY SHADES OF GREEN LLC d/b/a SHADES OF GREEN:**

BY:_____        _____
                                                                          Date

TITLE:_____

**AGREED TO AND ACCEPTED BY JOHN PATRICK CORMICAN**

BY:_____        _____
                                                                          Date

TITLE:_____

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES EXCEPT FOR THOSE CLAIMS VALIDLY RELEASED UNDER THE FLSA AGREEMENT.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY LUCAS VASQUEZ LEONARDO:**

_____          _____
                                                          Date

**AGREED TO AND ACCEPTED BY SHADES OF GREEN LLC d/b/a SHADES OF GREEN:**

BY:_____          _____
                                                          Date

TITLE:_____

**AGREED TO AND ACCEPTED BY JOHN PATRICK CORMICAN**

BY:_____          _____
                                                          Date

TITLE:_____

Page 9

Scanned with CamScanner

Case 1:20-cv-02985-JPC   Document 39-1   Filed 08/04/22   Page 19 of 28

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES EXCEPT FOR THOSE CLAIMS VALIDLY RELEASED UNDER THE FLSA AGREEMENT.**

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**ACCEPTED AND AGREED TO BY LUCAS VASQUEZ LEONARDO:**

_____                          _____
                                                                                        Date

**AGREED TO AND ACCEPTED BY SHADES OF GREEN LLC d/b/a SHADES OF GREEN:**

BY: _____                              7/27/22
                                                                                        Date

TITLE: _Owner_

**AGREED TO AND ACCEPTED BY JOHN PATRICK CORMICAN**

BY: _____                              7/27/22
                                                                                        Date

TITLE: _____

# EXHIBIT A

(FLSA Agreement)

# EXHIBIT B

(Confessions of Judgment)

Case 1:22-cv-00285-JPC   Document 24-1   Filed 09/16/22   Page 22 of 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- X

LUCAS VASQUEZ LEONARD,                                     :
                                                           :
                                                           :
                                                           :   **AFFIDAVIT OF CONFESSION OF**
                          Plaintiff,                       :   **JUDGMENT**
                                                           :
              -against-                                    :
                                                           :
SHADES OF GREEN LLC d/b/a SHADES OF                        :
GREEN, and JOHN PATRICK CORMICAN,                          :
                                                           :
                                                           :
                          Defendants.                      :
------------------------------------------------------------- X


STATE OF NEW YORK          )
                           : ss.:
COUNTY OF                  )

1.    I reside in _New York_ County.

2.    I, John Patrick Cormican, am the _owner_ of Shades of Green LLC d/b/a Shades of Green ("Shades of Green"). I am duly authorized to make this affidavit of confession of judgment on behalf of Shades of Green.

3.    Shades of Green maintains its principal place of business in New York County.

4.    Pursuant to the terms of the Settlement Agreement and General Release (the "Agreement") by and between Lucas Vasquez Leonard ("Plaintiff"), Shades of Green, and me personally, to which this Affidavit is annexed, I hereby confess judgment on behalf of Shades of Green and authorize entry thereof against Shades of Green in favor of Plaintiff under the terms and conditions set forth in the Agreement for the sum of one hundred one thousand two hundred fifty dollars ($101,250.00), less any payments made under the Agreement.

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $101,250.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $101,250.00 which is due and payable in equal installments on February 1, 2023, May 1, 2023, August 1, 2023, November 1, 2023, February 1, 2024, and May 1, 2024.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

Page 12

7.    I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure after adequate notice pursuant to the terms of the Agreement, this Confession of Judgment may be docketed and entered in the Supreme Court of the State of New York as a judgment for all amounts due and unpaid under the Agreement.

SHADES OF GREEN LLC

By: _____

Name: John Patrick Cormican,

Title: _Owner_____

STATE OF __NY__ )
                         ) : ss.:
COUNTY OF __NY__ )

On the _27_ day of July in the year 2022, before me, the undersigned notary public, personally appeared John Patrick Cormican, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual capacity, and that by his signatures on the instrument, the individual executed the instrument.

_____
Notary Public

ALEX NOSKOV
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NO6414260
Qualified in New York County
Commission Expires February 16, 20_25_

Case 1:22-cv-02085-JPC   Document 24-1   Filed 08/16/22   Page 24 of 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------- X

LUCAS VASQUEZ LEONARD,

                                                      **AFFIDAVIT OF CONFESSION OF**

                Plaintiff,              **JUDGMENT**

               -against-

SHADES OF GREEN LLC d/b/a SHADES OF
GREEN, and JOHN PATRICK CORMICAN,

               Defendants.

------------------------------------------------------------- X

STATE OF NEW YORK     )
                       : ss.:
COUNTY OF                )

1.      I am John Patrick Cormican and reside in *New York* County.

2.      Pursuant to the terms of the Settlement Agreement and General Release (the "Agreement") by and between Lucas Vasquez Leonard ("Plaintiff"), Shades of Green, and me personally, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me personally in favor of Plaintiff under the terms and conditions set forth in the Agreement for the sum of one hundred one thousand two hundred fifty dollars ($101,250.00), less any payments made under the Agreement.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $101,250.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $101,250.00 which is due and payable in equal installments on February 1, 2023, May 1, 2023, August 1, 2023, November 1, 2023, February 1, 2024, and May 1, 2024.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure after adequate notice pursuant to the terms of the Agreement, this Confession of Judgment may be docketed and entered in the Supreme Court of the State of New York as a judgment for all amounts due and unpaid under the Agreement.

JOHN PATRICK CORMICAN

_(signature)_

STATE OF _____ NY _____ )
: ss.:

On _____ 7/27 _____ , 2022, before me personally came John Patrick Cormican to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the _Cormican The_ of Shades of Green LLC d/b/a Shades of Green, the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Shades of Green LLC d/b/a Shades of Green and was authorized to do so.

_____
Notary Public

ALEX NOSKOV
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NO6414260
Qualified in New York County
Commission Expires February 16, 20 __

# EXHIBIT C

(Stipulation of Discontinuance)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  LUCAS VASQUEZ LEONARD,             :

                                        :     1:22-cv-02085-JPC

                                        :

              Plaintiff,       :     **STIPULATION OF**

                                        :     **DISCONTINUANCE WITH**

           -against-       :     **PREJUDICE**

                                        :

  SHADES OF GREEN LLC d/b/a SHADES OF   :

  GREEN, and JOHN PATRICK CORMICAN,     :

                                        :

             Defendants.     :
-------------------------------------------------------------- X

        Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), plaintiff Lucas

Vasquez Leonard ("Plaintiff") and defendants Shades of Green LLC d/b/a Shades of Green and

John Patrick Cormican (together, "Defendants"), by and through their undersigned counsel,

hereby stipulate that all claims asserted by Plaintiff against Defendants are dismissed with

prejudice.  Except as set forth the settlement agreements entered into by the parties, each party

shall bear its own costs and attorney's fees.

Dated:  August 17, 2022
      New York, New York

THE SAMUEL LAW FIRM            ROTTENBERG LIPMAN RICH, P.C.


                                       /s/ C. Zachary Rosenberg

_____      _____

By:    Michael Samuel, Esq.          By:    C. Zachary Rosenberg, Esq.

1441 Broadway                     The Helmsley Building

Suite 6085                        230 Park Avenue, 18th Floor

New York, New York 10018        New York, New York 10169

(212) 563-9884                  (212) 661-3080

Attorneys for Plaintiff             Attorneys for Defendants

The Court has reviewed the proposed FLSA Settlement Agreement in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).  For the reasons stated in Defendants' September 12, 2022 letter, Dkt. 26, and discussed on the record at the September 13, 2022 conference, the Court finds that the FLSA Settlement Agreement is fair and reasonable.

The Court notes that the attorneys' fees were calculated using the percentage method and represent approximately one third of the total settlement amount.  While the Court finds those fees to be reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rate or as to the reasonableness of any particular hours billed for work on this case.

Accordingly, the FLSA Settlement Agreement is approved, and Count II of the Complaint is dismissed with prejudice.  The Parties shall promptly file a stipulation of dismissal as to the remaining New York Labor Law claims.

SO ORDERED.

September 13, 2022
New York, New York

JOHN P. CRONAN
United States District Judge